**FIRST NATIONAL BANK OF CLEVELAND**

v.

**SMITH MOTOR COMPANY, INC., and Louis Smith.**

**Civ. A. No. B–85–1089–CA.**

United States District Court,
E.D. Texas,
Beaumont Division.

April 24, 1986.

---

Robert D. Daniel, Roger P. Balog, Saccomanno, Clegg, Martin & Kipple, Houston, Tex., for plaintiff.

## MEMORANDUM OPINION

COBB, District Judge.

In this action, plaintiff First National Bank of Cleveland has filed an action based upon RICO, and various state law and common law claims against defendants Smith Motor Co., Inc., and Louis Smith. The basis of the action was a check kiting scheme implemented by Louis Smith using Smith Motor Company accounts in a manner which constituted numerous acts of mail fraud. For reasons explained herein, plaintiff's RICO claim is dismissed with prejudice and the state and common law claims are dismissed without prejudice.

Louis Smith was the president, chief executive officer and sole stockholder of the Smith Motor Company, Inc. Using corporate accounts, Smith implemented a check kiting scheme among three banks, one of which was the plaintiff. Both Smith Motors Company and the banks participated in various activities affecting interstate commerce. In so conducting the affairs of Smith Motor Company, Smith was able to write numerous checks which greatly exceeded the company's funds and yet have the banks honor the checks. The amount of the insufficiency rose until the collapse of the scheme, which occurred when one of the banks checked with another to determine whether Smith Motors Company had sufficient funds to cover a check presented to it.

After the scheme collapsed, Smith Motor Company owed the three banks approximately $240,000, $208,000, and $207,000, respectively. The banks foreclosed on most of Smith's available property and Smith voluntarily relinquished other property to pay these debts off. Smith was arrested and plead guilty to one count of bank fraud and embezzlement under 18 U.S.C. § 1344. He was sentenced to 42 months imprisonment and ordered to make restitution in full to the three banks involved. Smith is currently serving his sentence and was unable to afford counsel in this action.

Plaintiff filed this present action under 18 U.S.C. § 1964(c) to collect treble damages caused by injury arising from Smith's "racketeering activities," as well as the costs and attorney's fees provided by that statute. Further, plaintiff claims that Smith's acts constitute common law fraud and conversion, and that defendants have breached their warranties for the transfer of negotiable paper under TEX.BUS. & COMM.CODE, § 3.417.

Defendants deny that plaintiff was entitled to recover under the civil RICO statute. This denial is found in the letter of November 26, 1985, from Mary Beth Smith and Louis Smith's pleading filed February 12, 1986, which the court construes as an answer and request for a temporary injunction.

The court heard the case on February 14, 1986. Plaintiff presented its case in open court. Defendants were unrepresented due to their financial position and the fact

that Louis Smith is serving his sentence in a federal correctional facility.

After fully considering plaintiff's evidence and the defendant's pleadings, the court dismisses plaintiff's civil RICO claim with prejudice and its statutory and common law claims without prejudice, pursuant to Federal Rule of Civil Procedure 41(b). Further, the court denies defendant's motion for temporary injunction pursuant to FED.R.CIV.P. 65.

## THE RICO CLAIM

Plaintiff's complaint sets out a claim for civil RICO damages under 18 U.S.C. § 1964(c). At the trial, plaintiff proved that defendant Smith was associated with Smith Motors Co., Inc., an enterprise engaged in, and the activities of which affected, interstate commerce. Further, plaintiff showed Smith conducted and participated in the conduct of that enterprise's affairs through a pattern of "racketeering activity." Although Smith was convicted of a single count of bank fraud and embezzlement, plaintiff sufficiently proved several acts of mail fraud technically sufficient to constitute a "pattern of racketeering activity." [1]

However, plaintiff's proof at trial was insufficient to establish the injury alleged in its complaint. The civil RICO statute allows treble damages, costs and attorney fees when the plaintiff can show the injury to its business because of the racketeering activities.[2] However, before this remedy can be applied, the plaintiff must prove by a preponderance of the evidence what his injuries were. The court holds that plaintiff has failed to meet its burden and that its RICO claim should therefore be dismissed.

Plaintiff did prove that it paid to the defendants' order $208,693.08, and that defendants did not have sufficient funds to cover this check. Plaintiff claims that none

of this has been repaid and therefore this determines the extent of its injury. The evidence is to the contrary.

First it is noted that plaintiff did not show how much money it was able to recover from defendants' accounts. Though it is possible for a party to have no actual funds in any account in a check kiting scheme, there is no proof that this was the case in the present action. The plaintiff has only proved that the available funds were insufficient to cover the check, not the degree to which the funds were insufficient. Without this showing, the extent of plaintiff's injuries cannot be determined with the certainty required by law.

Next, the evidence shows that the bank has foreclosed upon certain properties of the defendants, and that the defendants have voluntarily surrendered property to the plaintiff. These property transfers at least mitigate, and possibly satisfy, any injury to the plaintiff arising from the "racketeering activity." The value of the properties given to the bank to satisfy the debt is undetermined. Therefore any attempt to ascertain plaintiff's injuries would be purely speculative. An example of the undetermined value of some of the property transferred to the bank is the value of the new and used cars on the car lot and at the dealership of which plaintiff took possession. There is no evidence of the value of these cars. Surely there was some value, if only for the scrap metal content. Yet there is no indication of whether these cars were returned, sold, or given away in a promotion by the bank. Some real estate was also transferred, the value of which is unknown, and no effort was made to determine this value.

This is not a case where the value of the property turned over to the bank or the funds on account could be determined only with great difficulty. The plaintiff could have easily shown its actual injury with a

1. 18 U.S.C. § 1961(1)(B).

2. 18 U.S.C. § 1964(c) provides, "Any person injured in his business or property by reason of a violation of Section 1962 of this chapter may

sue therefor in an appropriate United States district court and shall recover threefold the damages he sustains and the costs of the suit, including a reasonable attorney's fee."

minimum of evidence. Further, since the documentary evidence and the property were in the possession of the plaintiff, the plaintiff was in the best position to present such evidence. Finally, since the plaintiff has the burden of proof, it is required to present this evidence in order to prevail. By failing to present this evidence, plaintiff has not shown its injuries by a preponderance of the evidence.

As the plaintiff did not establish its injuries resulting from defendant's violation of 18 U.S.C. § 1962(c), plaintiff has failed to show a right to relief under 18 U.S.C. 1964(c). As the court has examined the civil RICO claim on its merits, it dismisses the civil RICO claim with prejudice, and denies treble damages and costs to the plaintiff.

## PLAINTIFF'S OTHER CAUSES OF ACTION

The case before the court is not based on diversity of citizenship. In truth, no such diversity exists. Louis Smith is a Texas resident. Plaintiff and Smith Motor Company are both Texas corporations. Thus, this case was solely before the court on the federal question jurisdiction flowing from 18 U.S.C. 1964(c). As the RICO claim has been dismissed, no federal question survives and although the court could exercise its jurisdiction over the state claims under the doctrine of pendant jurisdiction, it declines to do so. Therefore, these actions are dismissed without prejudice.

## THE TEMPORARY INJUNCTION

Defendant has failed to present any evidence as to why the court should issue a temporary injunction restraining plaintiff from pursuing a judgment in this case. Therefore, the court denies defendant's motion for a temporary injunction.

Accordingly, this court holds that the plaintiff has failed to prove his injury under 18 U.S.C. 1964(c) and has therefore shown no right to relief. This claim is hereby DISMISSED with prejudice. Further, the court dismisses the plaintiff's surviving statutory and common law claims,

without prejudice. Further, the court DENIES defendants' motion to temporarily enjoin plaintiff from pursuing its civil actions.

IT IS SO ORDERED.